IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-20282 |
| | ) | |
| CHRISTOPHER PARROTT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's April 13, 2016 Report and Recommendation (the "Report") recommending that the Court deny Defendant Christopher Parrott's ("Parrott") January 28, 2016 Motion to Suppress (the "Motion"). (Report, ECF No. 36; Mot., ECF No. 20.) Parrott filed an Objection on April 20, 2016, to which Plaintiff United States of America (the "Government") responded on April 27, 2016. (Obj., ECF No. 37; Resp., ECF No. 38.)

For the following reasons, the Magistrate Judge's Report is ADOPTED, and the Motion is DENIED.

**I. Background**

Neither Parrott nor the Government objects to the Magistrate Judge's proposed findings of fact. (Obj., ECF No. 37 at 3 (listing as Parrott's sole objection "the Magistrate's

finding that the search was valid"); Resp., ECF No. 38 at 1-2 (noting same).) The proposed findings of fact are therefore adopted, and outlined below in relevant detail.

On August 29, 2015, Tennessee Highway Patrol Trooper Edwin Wilks ("Wilks") observed a disabled vehicle on the shoulder of I-40 with its hood raised and emergency lights flashing. (Rep., ECF No. 36 at 2.) Wilks pulled over to offer assistance and found Parrott, the vehicle's operator, looking under the hood. (Id.) While talking with Parrott to diagnose the vehicle's problem, Wilks "'got a strong odor of marijuana and alcohol coming from Mr. Parrott'" and observed that Parrott was unsteady on his feet. (Id. (quoting Hr'g Tr., ECF No. 29 at 17, 33).)

Wilks conducted a field interview to determine whether Parrott had been illegally operating the vehicle while under the influence of drugs or alcohol. (Rep., ECF No. 36 at 3.) Parrott refused to undergo a field sobriety test, but admitted he had been drinking alcohol and smoking marijuana. (Id.) Wilks ran Parrott's driver's license and learned that it had been revoked based on a prior conviction for driving under the influence. (Id.) Wilks placed Parrott under arrest on suspicion of driving under the influence and for operating a motor vehicle on a revoked license. (Id.) Parrott was handcuffed and placed in the back of Wilks' patrol car. (Id.)

Wilks ran the vehicle's license plate and discovered that the vehicle was registered to "Felicia Buntin," who Wilks later learned was Parrott's wife, now known as Felicia Parrott ("Felicia"). (Id.) Wilks called Felicia to inform her of her husband's arrest and determined that she "'could not get [to the vehicle] in any reasonable amount of time'" to retrieve it. (Id. at 3-4 (quoting Hr'g Tr., ECF No. 29 at 23).) Wilks initiated towing and inventorying procedures. (Id. at 4.) While performing an inventory search, Wilks found a handgun on the front passenger seat under a baseball cap. (Id. (citing Hr'g Tr., ECF No. 29 at 41).)

On December 3, 2015, Parrott was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On January 28, 2016, Parrott filed the Motion. (Mot., ECF No. 20.) In the Motion, Parrott argues that the handgun should be suppressed because Wilks lacked a warrant to search the vehicle, there was no danger to Wilks that Parrott would have access to the vehicle post-arrest, and "nothing . . . indicates that the gun was seized pursuant to an inventory search," making the search an unconstitutional violation of Parrott's Fourth Amendment rights. (Id. at 3-4.)

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 Fed. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the

4

source of the error.  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**III. Analysis**

In his Report, the Magistrate Judge recommends that the Motion be denied because the handgun was discovered pursuant to a valid inventory search conducted after an arrest based on probable cause, making a warrant unnecessary.  (Rep., ECF No. 8-14; see United States v. Smith, 510 F.3d 641, 651 (6th Cir. 2007); United States v. Tackett, 486 F.3d 230, 232 (6th Cir. 2007).)

The sole argument in Parrott's Objection is that Wilks' inventory search was not proper because it was a "ruse," conducted in "'bad faith or for the sole purpose of investigation.'"  (Obj., ECF No. 37 at 4 (quoting United States v. Vite-Espinoza, 342 F.3d 462, 470 (6th Cir. 2003)).)  That is, "Wilks engaged in general rummaging in order to discover incriminating evidence against [Parrott].  His actions were therefore unreasonable since they were not pursuant to a valid inventory search."  (Id. at 5.)  Parrott does not object to the Magistrate Judge's findings that there was probable cause for Parrott's arrest, or that a valid inventory search would constitute an exception to the warrant requirement in this case.

In its Response, the Government contends that Parrott's arguments about rummaging and bad faith are "not supported by

5

the record," and "submits that the Magistrate Court correctly found that the search was reasonable and the inventory of the vehicle was valid." (Resp., ECF No. 3.)

An inventory search of a vehicle conducted without a warrant does not violate the Fourth Amendment. <u>Colorado v. Bertine</u>, 479 U.S. 367, 371-74 (1987). Warrantless inventory searches may be conducted when police lawfully take custody of a vehicle. <u>Smith</u>, 510 F.3d 641, 651 (6th Cir. 2007). An inventory search of a vehicle must be conducted "according to standard police procedures" and may not be undertaken "for purposes of investigation." <u>United States v. Lumpkin</u>, 159 F.3d 983, 987 (6th Cir. 1998); <u>see also</u> <u>Tackett</u>, 486 F.3d at 232. "In conducting an inventory search, officers do not enjoy their accustomed discretion; they simply follow the applicable policy." <u>Tackett</u>, 486 F.3d at 232 (citing <u>Florida v. Wells</u>, 495 U.S. 1, 4 (1990) (stating that police must follow an established routine and not engage in "rummaging")).

On a de novo review of the record, the Court finds no evidence to support Parrott's allegations that the vehicle search was a mere ruse or otherwise executed in bad faith. All available evidence indicates that the search was conducted according to standard police procedures and that Wilks was following applicable policy.

6

It is the policy of the Tennessee Department of Safety not to leave vehicles unattended on the side of the highway because they are a road hazard. (Rep., ECF No. 36 at 4.) Wilks was required to remove the vehicle and was under no obligation to furnish Felicia the opportunity to retrieve it rather than initiate towing. United States v. Kimes, 246 F.3d 800, 805 (6th Cir. 2001) ("Mr. Kimes suggests that rather than towing his truck, the officers should have taken it upon themselves to call his wife and ask her to get the vehicle. He cites no authority compelling such a conclusion, and we are aware of none."). Parrott does not cite case law contrary to Kimes. Even assuming that Felicia could have retrieved the vehicle within a reasonable amount of time (rendering towing unnecessary), Parrott's contention that she offered to do so is not relevant to the analysis and does not demonstrate bad faith. (Obj., ECF No. 5 (citing Hr'g Tr., ECF No. 29 at 19).)

Department of Safety General Order #513 states that "all" vehicles to be towed must be inventoried. (Rep., ECF No. 36 at 12 (citing Ex. 1, ECF No. 22 at 1).) Once he decided to initiate towing, Wilks was following policy in undertaking an inventory search. He had no further discretion. Although Wilks testified that, during the inventory search, he was looking for possible open containers as evidence of Parrott's driving under the influence, "that an officer suspects contraband may be found

does not defeat an otherwise proper inventory search." Lumpkin, 159 F.3d at 987. That is, "the fact that [Wilks] may have suspected that the [vehicle] contained evidence . . . does not render [his] inventory search invalid if otherwise found to be lawful." Id. at 988. Parrott offers no evidence that Wilks' purpose in initiating the inventory search was investigatory. Once department policy dictated that an inventory search be conducted, Wilks conducted one. Nor has Parrott offered evidence that the search, once begun, was conducted improperly (for example, by searching parts of the vehicle not typically inventoried). The handgun was discovered in the vehicle, on the front passenger seat, and its presence duly recorded along with other valuables. (Rep., ECF No. 36 at 4.)

Because the handgun was discovered during a valid inventory search conducted after an arrest based on probable cause, a warrant was not necessary. Parrott's Fourth Amendment rights were not violated by the search. Suppression of the handgun would not be appropriate. Parrott's Objection is DENIED, and the Report is ADOPTED.

**IV. Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, and the Motion to Suppress is DENIED.

So ordered this 9th day of June, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE